UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>TYRON JACKSON and QUILEUTE NATION,<br><br>    Defendants. | CASE NO. 22-5013 BHS<br><br>ORDER |

This matter comes before the Court on Defendant Tyron Jackson's Ex Parte Motion for Extension of Time and for Appointment of Counsel, Dkt. 7.

Defendant United States of America filed an Application for Writ of Continuing Garnishment against Jackson on July 21, 2022. Dkt. 1. Another judge in this District previously issued a judgment against Jackson that includes $27,000 in criminal restitution and a $200 special assessment. *Id.*; *see also United States v. Jackson*, No. 21-cr-5287 RJB. Jackson still owes $27,175 of the $27,200 original balance. Dkt. 1. The Government seeks to garnish money or property that the Quileute Nation owes or will owe to Jackson. *Id.* The Court issued the Writ of Continuing Garnishment on July 26, 2022. That same

ORDER - 1

day, the Court issued a notice to Jackson, informing him of the writ and of his rights to contest the garnishment. Dkt. 5. That notice was served on Jackson on August 1, 2022. Dkt. 6 at 2.

Jackson moves for an extension of time to respond and object to the Government's garnishment. Dkt. 7. He also seeks appointment of counsel. *Id.* The Court grants Jackson's request for an extension of time to respond. He must respond or object by October 31, 2022. The Court denies, however, Jackson's motion for appointment of counsel.

No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint counsel for indigent litigants who are proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

Jackson has not demonstrated that exceptional circumstances exist warranting appointment of counsel. It is not clear that he can advance any argument that has a likelihood of succeeding. Further, he fails to provide a persuasive argument that he is unable to articulate his claims pro se. The fact that "he is an inmate and layperson" does not change the analysis. Jackson provides no other argument in support of his motion.

Therefore, it is hereby **ORDERED** that Defendant Tyron Jackson's Ex Parte Motion for Extension of Time and for Appointment of Counsel, Dkt. 7, is **GRANTED in part and DENIED in part**. Jackson may respond to the Government's Writ of Continuing Garnishment by **October 31, 2022**.

Dated this 29th day of August, 2022.

BENJAMIN H. SETTLE
United States District Judge