UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>TYRON JACKSON and QUILEUTE NATION,<br><br>                    Defendants. | CASE NO. 22-mc-5013 BHS<br><br>ORDER |

This matter comes before the Court on Tyron Jackson's Objection to the Writ of Continuing Garnishment and Renewal of Request for Appointed Counsel, Dkt. 9, and the Government's response to Jackson's objection and request for appointment of counsel, Dkt. 11.

The Court first addresses Jackson's renewed request for appointment of counsel. *See* Dkt. 9 at 2. As explained in the order denying Jackson's initial request, the Court will appoint counsel only under exceptional circumstances. Dkt. 8 at 2 (citing *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Jackson points to no change in circumstances that

ORDER - 1

warrant the appointment of counsel. Accordingly, his request for appointment of counsel is DENIED.

Jackson next asserts that the garnishment of his tribal per capita payments is improper because it will interfere with his ability to meet his obligation imposed by the judgment to pay $25 per quarter to the Bureau of Prison's Inmate Financial Responsibility Program. Dkt. 9 at 1–2. However, the Court agrees with the Government that the obligation imposed by the judgment does not prevent the Government from obtaining a writ of garnishment. *See* Dkt. 11 at 5 (citing *United States v. Hawkins*, 392 F. Supp. 2d 757, 759 (W.D. Va. 2005); *United States v. Lawrence*, 538 F. Supp. 2d 1188, 1193 (D.S.D. 2008)). Indeed, in *Hawkins*, the court explained that court-imposed payment schedules "do not prevent the government from pursuing other lawful enforcement methods" to obtain restitution. 392 F. Supp. 2d at 759 (citing *United States v. James*, 312 F. Supp. 2d 802, 807 (E.D. Va. 2004)).

Furthermore, Jackson's tribal per capita payments are not exempt from garnishment under the Mandatory Victim Restitution Act ("MVRA"). The MVRA broadly permits the United States to enforce a restitution order against "all property or rights to property of the person fined," notwithstanding any other federal law. 18 U.S.C. § 3613(a). "Section 3613(a) of the MVRA limits the exemptions that apply to the collection of restitution debt to certain tax levy exemptions enumerated in the Internal Revenue Code." *United States v. Drapeau*, 388 F. Supp. 3d 1289, 1293 (W.D. Wash.

2019). None of the enumerated tax levy exemptions apply to tribal per capita payments.[1]

Accordingly, Jackson's objection to the writ of continuing garnishment is OVERRULED.

Therefore, it is hereby **ORDERED** that Jackson's Objection to the Writ of Continuing Garnishment and Renewal of Request for Appointed Counsel, Dkt. 9, is **OVERRULED in part** and **DENIED in part.**

Dated this 15th day of November, 2022.

BENJAMIN H. SETTLE
United States District Judge

---

[1] 18 U.S.C. § 3613(a), applicable to restitution under subsection 3613(f), allows a judgment imposing a fine to be enforced against all property or rights to property of the person fined, except those exempt pursuant to 26 U.S.C. § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986. Section 6334 exempts, in relevant part: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments; (7) workmen's compensation; (8) judgments for support of minor children; (10) certain service-connected disability payments; and (12) assistance under the Job Training Partnership Act. 26 U.S.C. §§ 6334(a)(1)–(8), (10), (12).